# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| DONNA BLACK, | No. 17-0042V |
|     Petitioner, | Special Master Christian J. Moran |
| v. | Filed: October 15, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs; unjustified items |
|     Respondent. | |

* * * * * * * * * * * * * * * * * * * *

Emily B. Ashe, Anapol Weiss, Philadelphia, PA, for Petitioner;
Traci R. Patton, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 26, 2020, petitioner Donna Black moved for final attorneys' fees and costs. She is awarded **$73,858.12.**

\*     \*     \*

On January 11, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the tetanus-diphtheria-acellular pertussis vaccination she

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

received on January 29, 2016, caused her to develop adhesive capsulitis in her left shoulder. Petition at 1. A fact hearing was held on March 15, 2018. On April 12, 2018, the undersigned issued his findings of fact. Thereafter, the parties retained medical experts, with petitioner retaining Dr. James Tibone and respondent retaining Dr. Brian Feeley. Thereafter the parties entered the P-100 alternative dispute resolution program. On July 8, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2020 WL 4730408 (Fed. Cl. Spec. Mstr. Jul. 8, 2020).

On August 26, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $55,374.30 and attorneys' costs of $24,631.18 for a total request of $80,005.48. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of his case. Fees App. Ex. C. On September 4, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Lawrence Cohan, $400.00 per hour for work performed in 2016, $420.00 per hour for work performed in 2017, $440.00 per hour for work performed in 2018, $450.00 per hour for work performed in 2019, and $484.00 per hour for work performed in 2020; and for Mr. David Carney, $290.00 per hour for work performed in 2016 and $315.00 per hour for work performed in 2018. The hourly rates requested for Mr. Carney are consistent with what he has previously been awarded. Mr. Cohan's rates are also consistent with the exception of his rate for 2017 and 2020. See Green v. Sec'y of Health & Human Servs., No. 16-008V, 2021 WL 1010727 (Fed. Cl. Spec. Mstr. Feb. 23, 2021); Burkett v. Sec'y of Health & Human Servs., No. 16-1267V, 2020 WL 5123075 (Fed. Cl. Spec. Mstr. Jul. 27, 2020). The undersigned will therefore compensate Mr. Cohan for work in 2017 at $400.00 per hour and for work in 2020 at $470.00 per hour, resulting in a reduction of $302.80.

### B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most time billed to be reasonable. The timesheet entries are sufficiently detailed such that the undersigned can assess their reasonableness. However, upon review the undersigned notes a small amount of clerical work billed by paralegals, such as filing documents and handling payment for costs such as medical records. See Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). This issue is relatively minor however and a reasonable reduction is $500.00. Petitioner is therefore awarded final attorneys' fees of $54,571.50.

  C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $24,631.18 in costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, travel costs to attend the fact hearing, mediation costs, and work performed by petitioner's medical expert, Dr. Tibone. Upon review, there are several issues with the requested costs which require the following reductions.

To attend the mediation, Mr. Cohan purchased Amtrak Acela train tickets. Fees App. at 116-17. It is well-settled in the Vaccine Program that upgraded methods of travel, such as first-class airfare, black car service, and Acela train fare are not permitted. See Sharpe v. Sec'y of Health & Human Servs., No. 14-65V, 2018 WL 3990867, at *3 (Fed. Cl. Spec. Mstr. July 6, 2018); Reichert v. Sec'y of Health & Human Servs., No. 16-697V, 2018 WL 3989429, at *4 (Fed. Cl. Spec. Mstr. June 20, 2018); Tetlock v. Sec'y of Health & Human Servs., No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). The costs associated with this travel will be reduced by half, resulting in a reduction of $211.50. There also appear to be airline fees associated with upgrading an already purchased seat. Fees App. at 102-103. These costs will not be reimbursed, resulting in a reduction of $147.10.

Petitioner requests a total of $4,000.00 to pay a potential expert named Dr. Denard. This is comprised of a $500.00 "base amount" and $3,500.00 to review medical records. Fees App. at 39-40. The $3,500.00 payment is not a sum certain however – per the submitted documentation by petitioner, an assistant to Dr. Denard indicated to counsel that review of the records would cost between

4

$2,500.00 and $4,000.00. Fees App. at 40. It appears that counsel simply decided to pick a number between those quoted amounts to request as reimbursement. Dr. Denard did not perform any submitted casework in this matter. He did not submit a CV. There is not even any indication in the record as to what Dr. Denard's first name is. The undersigned issued an order containing instructions as to what needs to be included for expert invoices on June 1, 2018. All communication with Dr. Denard's assistant occurred thereafter. Petitioner was therefore aware of what documentation was required for the reimbursement of expert costs. What petitioner has provided is deficient in nearly all aspects – there is no indication as to who Dr. Denard is, what is credentials are, what his hourly rate is, or what work he actually performed on this case. Moreover, because Dr. Denard did not submit any work product, there is nothing for the undersigned to evaluate. Accordingly, these costs will not be reimbursed, resulting in a reduction of $4,000.00.

Petitioner requests a total of $4,500.00 for the work of Dr. James Tibone. Dr. Tibone is a board-certified orthopedic surgeon. The invoices submitted for Dr. Tibone provide more information than what petitioner submitted for Dr. Denard, but per the undersigned's order are still largely deficient. For example, it is unclear what Dr. Tibone's hourly rate is. In one invoice, he billed $2,400.00 for four noted hours of work, effectively an hourly rate of $600.00 per hour (the invoice also charged $600.00 for a report, with no indication as to the amount of time it took to draft the report). Fees App. at 43. In another invoice, he billed $500.00 for two hours of work, effectively an hourly rate of $250.00 per hour. Fees App. at 45. The remaining $1,500.00 is a referral fee to The Expert Institute. Fees App. at 44.

Despite the flaws in Dr. Tibone's invoices, the total amount requested for his work is reasonable. Assuming the report took Dr. Tibone at least one hour, the records would reflect a total of $3,500.00 billed for 7 hours of work, an overall hourly rate of $500.00 per hour. The undersigned has previously compensated an orthopedic surgeon at $400.00 per hour. Steele v. Sec'y of Health & Human Servs., No. 16-67V, 2020 WL 3046252, at *5 (Fed. Cl. Spec. Mstr. May 26, 2020). Other special masters who have reviewed the work of orthopedic surgeons have found $500.00 per hour to be reasonable for their work. See Ellingsen v. Sec'y of Health & Human Servs., No. 18-421V, 2021 WL 1093939, at *2 (Fed. Cl. Spec. Mstr. Feb. 11, 2021); Green v. Sec'y of Health & Human Servs., No. 15-1447V, 2017 WL 6336776, at *4-5 (Fed. Cl. Spec. Mstr. Nov. 16, 2017). Despite this finding, counsel should take care to ensure in the future that the billing records for medical experts reflect what the undersigned has requested.

Next, petitioner requests $3,654.00 representing one-half of the total bill for mediation services provided by Mr. Stephen Altman. The hours billed by Mr. Altman appear reasonable and this cost shall be fully reimbursed.

Finally, petitioner originally requested the following costs: $325.00 for a video cancellation fee, $184.00 in lost wages for Ms. Kathleen Lee to offer fact testimony, and $476.96 in lost wages for petitioner and her husband to offer fact testimony. On September 23, 2021, the undersigned directed petitioner to address whether lost wages for a testifying fact witness were reimbursable as part of attorneys' costs incurred, and also to address a video cancellation fee. Order, filed September 23, 2021. Instead of substantiating the requested costs, petitioner withdrew the request for wages and the cancellation fee. Pet'r's Status Rep., filed Oct. 14, 2021.  Accordingly, these costs will not be reimbursed.

In sum, petitioner's request for costs includes too many unjustified items. Petitioner's attorneys should know that the Vaccine Program does not pay for upgraded travel.  The documentation for Dr. Denard was lacking.  When called upon to justify reimbursement for lost wages of percipient witnesses, petitioner relinquished the request.  Petitioner's choice to include these items represents a lapse in "billing judgment," required of all fee applicants.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  Petitioner's attorneys, therefore, are warned that future submissions of unjustified items may result in more significant reductions.  See Valdes v. Sec'y of Health & Human Servs., No. 99–310V, 2009 WL 1456437, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (warning attorney that penalties may be necessary to motivate him to submit requests for fees that do not contain "erroneous, duplicative, or unreasonable entries"), mot. for rev. granted in non-relevant part and denied in non-relevant part, 89 Fed. Cl. 415 (2009).[2]

The remainder of the costs appear reasonable and are supported by the necessary documentation. Petitioner is therefore awarded final attorneys' costs of $19,286.62.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$73,858.12** (representing

---

[2] Current counsel of record was not counsel of record when petitioner submitted the fee application.

$54,571.50 in attorneys' fees and $19,286.62 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Ms. Emily Ashe.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

       **IT IS SO ORDERED**.

                                              s/Christian J. Moran
                                              Christian J. Moran
                                              Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.